687-15  688-15
689-15

ORIGINAL

Charles E. Lusk
TDCJ # 1964427
Ellis Unit
1697 FM 980
Huntsville, TX. 77343

Court of Criminal Appeals of Texas
Cathy S. Lusk, Clerk
1517 W. Front St., Ste. 354
Tyler, Texas 75702

REC'D IN COURT OF APPEALS
12th Court of Appeals District

JUN 01 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

May 29th, 2015

Dear Clerk,

Please find enclosed pro se Petition for Discretionary Review to be file in the Court of Criminal Appeal. Appellant was unable to make many copies due to time retraint and indigent supplies denial. However, a copy was mail to State Attorney and Smith County District Attorney.

Your assistance and consideration in the filing of this petition will be greatly appreciated.

Thank you.

Sincerely,

Charles E. Lusk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 03 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUN 04 2015

Abel Acosta, Clerk

CAUSE No. 12-14-00205-CR, 12-14-00206-CR, 12-14-00207-CR

In The
The 12th District Court of Appeals
For The
State of Texas

---

Charles Edward Lusk,
Appellant

V.

The State of Texas
Appellee

---

pro se Petition for Discretionary Review

---

Appeals From The 241st
Judicial District Court
Smith County, Texas
HONORABLE Jack Skeen Jr.

Trial Attorney
Donald S. Davidson
P.O. Box 1105
Tyler, Texas 75710
Tel. 903-526-7688

Appeal Attorney
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, Tx. 75702
Tel. 903-595-6070

Assistant Criminal District Attorney
Michael J. West
100 N. Broadway
Tyler, Texas 75702
Tel. 903-590-1720

# TABLE OF CONTENTS

INDEX OF Authorities . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT Regarding ORAL ARGUMENT . . . . . . . . . . 1, 2

STATEMENT of the CASE . . . . . . . . . . . . . . . . . . 2

STATEMENT of PROCEDURAL History . . . . . . . . . . . . 3

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . 7

# INDEX OF AUTHORITIES

## STATUTE / RULES

TEX. CODE CRIM. PROC.

Art. 28.01 . . . . . . . . . . . . . . . . . . . . . . . 4

## STATE CASE

Taylor v. STATE, 886 S.W. 2d 262
(Cr. App. 1994) . . . . . . . . . . . . . . . . . . 4

Torres v. STATE, 980 S.W. 2d 873
(App. 4 Dist. 1998) . . . . . . . . . . . . . . . 4,5

Richardson v. STATE, 622 S.W. 2d 852, 856
(Tex. Crim. App. 1981) . . . . . . . . . . . . . 4

Hernandez v. STATE, 161 S.W. 3d 491, 499
(Tex. Crim. App. 2005) . . . . . . . . . . . . . 6

Melton v. STATE, 713 S.W. 2d 107, 113
(Tex. Crim. App. 1986) . . . . . . . . . . . . . 6

Johnson v. State, 23 S.W. 3d 1, 15
(Tex. Crim App. 2000) . . . . . . . . . . . . . 5

Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
61 L. Ed. 2d 560 (1979) . . . . . . . . . . . . . 5

CAUSE NO. 12-14-00205-CR, 12-14-00206-CR, 12-14-00207-CR
IN THE
THE 12th District Court of Appeals
FOR THE
STATE OF TEXAS

---

CHARLES EDWARD LUSK
APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

---

Prose PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Come Now, Charles Lusk files this Petition for Discretionary Review pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

STATEMENT REGARDING ORAL ARGUMENT

Because an important question of State or Federal Law that has not been, but should be, settled by the Court of Criminal Appeals. What the State cannot tolerate is

having crime instigated by its officers who are charged with the duty of enforcing the law. Repeated contact by officers proves persuasive police conduct. Officers were trained narcotic agents under the color of the law to enforce the law. Officers did target and ensnare appellant into the commission of crime. Appellant should have been arrested at initial contact by trained narcotic agents.

## STATEMENT OF THE CASE

Charles Lusk seeks to appeal his convictions and sentences for the three felony offenses of delivery of a controlled substance. (1CR1 50; 1CR2 42; 1CR3 54).[1] Mr. Lusk was indicted for these offenses in the 241st District Court of Smith County, Texas in February, 2014. (1CR1 1; 1CR2 1; 1CR3 1). Ultimately, a plea of "guilty" was entered after which the trial court imposed punishment at a term of confinement in each case. (1CR1 50; 1CR2 41; 1CR3 54). Sentence was pronounced on 14 July 2014 and notice of appeal then timely filed. (1CR1 50,53; 1CR2 46,66; 1CR3 54,58).

---

[1] The Clerk's Records in the underlying cases are cited as follows: 12-14-00205-CR is "CR2", 12-14-00206-CR is "CR1", and 12-14-00207-CR is "CR3".

## STATEMENT OF PROCEDURAL HISTORY

On April 30, 2015 Opinion delivered by Justice Brian Hoyle on Appellant direct Appeal in the Court of Appeals, Panel consisted of Worthen, C.J., Hoyle, J., And Neeley, J. . No Rehearing was filed. Petition for Discretionary Review filed.

## GROUNDS FOR REVIEW

Where defendant establishes that he was induced by law enforcement to commit an offense to which he was not otherwise predisposed by means that would have overcome the resolved of a rational person, he is entitled to a dismissal of any resulting charges on the ground of Entrapment. Where, as here, the trial court nevertheless denies that motion an Appellate court must reverse that decision where the record is legally insufficient to support the trial court's Action. Because the evidence is legally insufficient to support the trial court's Rejection of the defense of Entrapment as a matter of law, the court should reverse the underlying judgment and render a Judgment of Acquittal.

# ARGUMENT

Once defendant produces evidence to raise defense of entrapment, state has burden to disprove entrapment beyond reasonable doubt; as trier of fact, trial court is authorized to weigh evidence and from circumstances draw legal conclusion as to whether accused was entrapped. Taylor V. State (CR. App. 1994) 886 S.W. 2d 262. Repeated contact by officers proves persuasive police conduct. When claiming entrapment, a defendant is entitled to a pretrial hearing on that issue at which point he has the burden of establishing a prima facie showing that he is entitled to an entrapment defense. Tex. Code Crim. Proc. Art 28.01 § 11(9); Richardson V. State, 622 S.W. 2d 852, 856 (Tex. Crim. App. 1981). The testimony of the defendant by itself may be enough make this prima facie showing. Richardson, 622 S.W. 2d at 856. After a defendant has met his initial burden, the state bears the burden of persuasion to disprove entrapment beyond a reasonable doubt. Taylor V. State, 886 S.W. 2d 262, 265 (Tex. Crim. App. 1994)

On review of a trial court's decision regarding whether the state met its burden an appellate court looks to the sufficiency of the evidence. Torres V. State, 980 S.W. 2d 873, 875 (Tex. App. - San Antonio 1998, no pet.). In determining whether the evidence is legally sufficient to support the trial court's

4

holding, an appellate court reviews the record in the light most favorable to the trial court's decision. Johnson v. State, 23 S.W. 3d 1, 15 (Tex. Crim. App. 2000); see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Fed. 2d 560 (1979) (establishing legal sufficiency standard of review).

The trial court, as the frier of fact, must weigh the evidence and determine whether the accused was entrapped as a matter of law. Torres v. State (App. 4 Dist. 1998) 980 S.W. 2d 873.

## A. EVIDENCE AT TRIAL

Where, officers were trained narcotic undercover agents under the color of the law. Officers did target and ensnare Appellant into the commission of crime. Testimony proves Appellant was not a drug dealer, and did not ~~sell~~ drugs. Appellant was not arrested at initial contact during the commission of crime. Repeated contact by officers proves persuasive police conduct.

## B. Application of Law to the Testimony

While Appellant must concede that there are some disputed fact issues those that are central to the question of entrapment are not disputed; namely, that Mr. Lusk was approached by law enforcement, was provided with a ride and the means with which to purchase cocaine, and was

provided with those resources on multiple occasions. But see Hernandez v. State, 161 S.W. 3d 491, 499 (Tex. Crim. App. 2005) (holding that a defendant is entitled to dismissal only where the evidence is conflict-free, uncontradicted, uncontested or undisputed.) Melton v. State, 713 S.W. 2d 107, 113 (Tex. Crim. App. 1986) (where the evidence on the issue of entrapment is in conflict, the issue should be submitted to the jury.).

Considering the undisputed evidence, the record establishes that Mr. Lusk engaged in the conduct charged only because he was induced to do so by a law enforcement agent who used persuasion or other means that likely to cause him to commit the offense. See Hernandez, 161 S.W. 3d at 497 (elements of entrapment). Had officers not approached Mr. Lusk, requested that he obtain cocaine for them, and offered, at least by implication some benefit to him for doing so, the offense never would have been committed.

In sum, even viewing the record in the light most favorable to the trial court's ruling, the record before the Court fails to establish that the State met its burden of disproving entrapment beyond a reasonable doubt. Consequently, the Court should reverse the judgment of the trial court and render a judgment of acquittal.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES considered, it is Respectfully prayed that the Court, because the trial court's holding on the defense of ENTRAPMENT AS A MATTER of IAW is Not supported by legally sufficient evidence, that the Court REVERSE the judgment of the trial court and RENDER A judgment of Acquittal.

Respectfully Submitted,
Charles E. Lusk
TDCJ # 1964427
Ellis Unit
1697 FM 980
Huntsville, TX, 77343-0001

## Certificate OF Service

The undersigned hereby certifies that on this 29th day of MAY, 2015, the following have been completed:
(1) The original copy of the Appellant's Petition for Discretionary Review in the above Numbered cause has been sent for filing to the Clerk of the Court of Twelfth Court of Appeals.
(2) A legible copy of the Appellant's Petition for Discretionary Review in the above Numbered cause has been sent by U.S. Mail to:

7

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

&

Michael J. West
Assistant Criminal District Attorney
100 N. Broadway, 4th FL.
Tyler, Texas 75702

Charles E. Lusk
CHARLES E. LUSK
TDCJ #1964427
Ellis Unit
1697 FM 980
Huntsville, Texas
77343-0001

8

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## NON-MAILABLE CORRESPONDENCE/REASON FOR DENIAL
### ELLIS UNIT

| | |
|---|---|
| | NOT INDIGENT |
| | RECORD SHOWS SUPPLIES ISSUED BUT NOT EXHAUSTED |
| | INSUFFICIENT OR NO POSTAGE LEFT FOR THE MONTH (BP-03.91) |
| | SUPPLIES ISSUED ONLY ONCE A MONTH, RE-SUBMIT NEXT MONTH |
| X | IMPROPER OR NO JUSTIFICATION FOR LEGAL SUPPLIES |
| | DOES NOT QUALIFY AS LEGAL/SPECIAL/MEDIA AS ADDRESSED |
| | RECORD SHOWS LEGAL SUPPLIES ISSUED BUT NOT EXHAUSTED |
| X | NO EXCHANGE OR INCOMPLETE EXCHANGE OF CARBON/INK PEN |
| | ONLY FIVE LEGAL/SPECIAL/MEDIA ITEMS PER WEEK |
| | INCOMPLETE, ILLEGIBLE OR NO REQUEST SUBMITTED |
| | RE-SUBMIT ON APPROVED INDIGENT SUPPLY REQUEST FORM (I-302) |
| | ALL REQUESTS MUST BE SUBMITTED IN APPROVED INDIGENT SUPPLY ENVELOPE |
| | COMM. RESTRICTED OFFENDERS MUST OBTAIN SUPPLIES/POSTAGE THRU UNIT COMM. |
| | DOES NO QUALIFY FOR OFFENDER TO OFFENDER CORRESPONDENCE |
| | INDIGENT PROGRAM IS FOR WRITTEN CORRESPONDENCE ONLY (BP-03.91) |
| | WRITINGS AND/OR MARKINGS ON FRONT OF ORDER FORM (I-302)RE-SUBMIT |
| | NO LABELS, PHOTOS, OR HOMEMADE CARDS OR ARTWORK |
| | OTHER |

ISO SIGNATURE:_____ DATE:_____

RECEIVED MAY 1 8 2015

# NOS. 12-14-00205-CR
## 12-14-00206-CR
## 12-14-00207-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES EDWARD LUSK,*<br>*APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

Charles Lusk appeals his three convictions for delivery of a controlled substance. He raises one issue relating to the defense of entrapment as a matter of law. We affirm.

## BACKGROUND

A Smith County grand jury returned three indictments against Appellant for the offense of delivery of a controlled substance. In cause numbers 12-14-00205-CR and 12-14-00207-CR, the indictments alleged that Appellant delivered cocaine in the amount of one gram or more but less than four grams, including any adulterants and dilutants. In cause number 12-14-00206-CR, the indictment alleged that Appellant delivered cocaine in the amount of less than one gram, including any adulterants and dilutants.

Appellant filed a motion to dismiss the State's indictments in each case based on entrapment as a matter of law. After conducting a hearing, the trial court denied Appellant's motions. Thereafter, Appellant pleaded "guilty" to each indictment and "true" to the two enhancement paragraphs alleged in each case. The trial court withheld a finding of guilt and ordered a presentence investigation be conducted. At the conclusion of the sentencing hearing,

the trial court found Appellant "guilty" in each case. In cause numbers 12-14-00205-CR and 12-14-00207-CR, the trial court assessed punishment at fifty years of imprisonment. In cause number 12-14-00206-CR, the trial court assessed punishment at twenty years of imprisonment. The sentences were ordered to run concurrently. This appeal followed.

## ENTRAPMENT

In his sole issue, Appellant contends the trial court erred by denying his motion to dismiss the State's indictments based on entrapment as a matter of law. As such, he asks this court to reverse the trial court's judgments and render a judgment of acquittal in each case.

### Standard of Review and Applicable Law

It is a defense to prosecution that the defendant engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. TEX. PENAL CODE ANN. § 8.06(a) (West 2011). Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Id.* Entrapment occurs when the activity of the police agent induces a person, with no predisposition to illegal conduct, to commit a crime. *England v. State*, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994); *Sanders v. State*, No. 12-12-00342-CR, 2013 WL 3271033, at *1 (Tex. App.—Tyler, no pet.) (mem. op., not designated for publication).

In the pretrial context, a defendant is entitled to dismissal under Section 8.06 "only when he can establish entrapment as a matter of law with *conflict-free, uncontradicted, uncontested,* or *undisputed* evidence." *Hernandez v. State*, 161 S.W.3d 491, 499 (Tex. Crim. App. 2005). In reviewing a trial court's denial of a defendant's pretrial motion to dismiss based on entrapment "as a matter of law," we determine de novo whether any rational trier of fact could conclude that the undisputed facts failed to establish all of the elements of entrapment. *Id.* at 500. If the facts shown during the hearing are disputed, entrapment as a matter of law cannot be determined at the pretrial stage. *See id.* at 499.[1] Our review must take into account that the trial judge, as the trier of fact,

---

[1] Even if a defendant's testimony is not directly contradicted at the pretrial hearing, it may nevertheless be "disputed," because the trial judge, as the sole trier of fact, is not required to believe that testimony. *Hernandez v. State*, 161 S.W.3d 491, 500 (Tex. Crim. App. 2005). In such instances, a trial court does not err in overruling a motion to dismiss. *Id.*

2

was free to accept or reject all or any portion of any witness's testimony. *Varkonyi v. State*, 276 S.W.3d 27, 33 (Tex. App.—El Paso, 2008, pet. ref'd).

**Discussion**

Appellant testified that on the evening of November 8, 2013, he was approached by a "carload" of people (undercover police officers) in a Motel 6 parking lot waving at him to come towards them.[2] When he approached the vehicle, the undercover officers asked him if he knew "where anything's at." Appellant testified that, at first, he said "no." But after about two or three minutes of conversation regarding whether they (both Appellant and the undercover police officers) were the police, the undercover officers convinced him to "do something for them." That "something" was purchasing one hundred dollars' worth of crack cocaine.

Appellant testified that before the undercover officers left, he told them that he was going to a gas station approximately one mile away to play games. Before he reached the gas station, the undercover officers located him, made a u-turn, and told Appellant, "Come on, man. We'll take you to the Valero." Appellant testified that it was at that time that he decided to "do something for them." He explained that one of the passengers called him by his nickname, leading him to believe that he could trust them because they must have known him.

Once inside the officers' vehicle, Appellant made a phone call and told them that he would take them to the place where he could get them crack cocaine. Appellant testified that had he not been asked to get the crack cocaine, he would not have made the phone call that led to the delivery of crack cocaine on that night and on two other occasions.

On cross examination, Appellant agreed that he was not threatened or pressured into purchasing and delivering the cocaine. He testified that he said "no" three times before he was "talked into" purchasing the cocaine and delivering it to the police officers. His testimony later revealed that when he initially declined to deliver cocaine, Appellant asked the undercover officers what he would get out of it. One of the officers replied that he would give Appellant ten dollars. Appellant testified that had the undercover officer told him they would not give him anything, he would not have done it.

After the defense rested, the State called Lukas Neubauer, an officer for the Tyler Police Department. Officer Neubauer testified that he was with the narcotics unit driving through the Motel 6 parking lot on the night of November 6, 2013, because it was an area where they have

---

[2] Appellant did not know the individuals inside the vehicle were undercover police officers.

received "a lot of drug complaints," and where they have made drug purchases in the past. He testified further that as they were driving through, he and the narcotics team saw Appellant walking in the parking lot, turned around, and drove up to him. As they approached Appellant, Officer Neubauer recalled, rolling down his window to talk to Appellant. He testified that Appellant was on his side of the vehicle when he spoke to him. Although Officer Neubauer could not remember the exact wording of what was said, he testified that the "gist" of the conversation was that they were looking to purchase crack cocaine.

According to Officer Neubauer, Appellant never told them "no" that evening, and demonstrated that he was not a police officer by showing them a crack pipe from his pocket. Officer Neubauer could not remember the specifics of his conversation with Appellant. But he testified that, in the past, they would offer anywhere from two to ten dollars or a "pinch" from the purchased drug as compensation to the individual who purchased and delivered the cocaine.

There is no recording of the undercover police officers' original contact with Appellant. But once Appellant agreed to make the purchase, the officers left the parking lot to obtain recording equipment. The officers returned, with the recording equipment, to the location near the gas station where Appellant told them he was going. They passed Appellant as he was walking down the street and turned around. As they slowed down, Appellant approached their vehicle and "immediately got in without any problem." Officer Neubauer testified that once Appellant was inside, he gave them directions and used the officer's cell phone to advise his connection that they were on their way.

Officer Neubauer testified that Appellant was "definitely agreeable" when they approached him about purchasing crack cocaine. "He seemed excited about the prospect that he could do this on multiple occasions[, and it didn't] take any kind of cajoling or convincing." Officer Neubauer explained that he attempted to get Appellant's phone number as a way to communicate in setting up future deals, but Appellant did not have a phone. As a result, Officer Neubauer gave Appellant his phone number and testified that Appellant called "very frequently" over the course of the next couple of weeks to see if they wanted more crack cocaine.[3]

---

[3] Officer Neubauer's testimony suggests that Appellant initiated the contacts with law enforcement that led to the commission of the subsequent offenses, which is contrary to Appellant's testimony that he was contacted by law enforcement on several occasions.

On cross examination, Officer Neubauer confirmed that if the driver of their vehicle had signaled Appellant to their car, he did not see it.

## Conclusion

It is undisputed that law enforcement officers asked Appellant if he knew where they could purchase crack cocaine. It is also undisputed that law enforcement officers drove Appellant to the location where he purchased the crack cocaine for them. While such conduct afforded Appellant the opportunity to commit the offense, it cannot be said that these undisputed facts prove entrapment as a matter of law. *See* TEX. PENAL CODE ANN. § 8.06(a).

The record shows a conflict regarding Appellant's willingness to engage in criminal activity. Appellant's contention that he was "talked into" committing the offense, when compared with Officer Neubauer's testimony that Appellant was "definitely agreeable," raises an issue of fact regarding whether (1) Appellant was induced and (2) whether law enforcement used persuasion or other means that caused him to commit the offenses. *See id.*; *Hernandez*, 161 S.W.3d at 499. There is also conflicting testimony regarding who initiated contact for the commission of the second and third transactions. And even if Appellant's testimony was not directly disputed, the trial court was not required to believe his testimony. *See id.* at 500. The trial court did not err in overruling Appellant's motion to dismiss based on entrapment as a matter of law. Accordingly, we overrule Appellant's sole issue on appeal.

## DISPOSITION

Having overruled Appellant's sole issue on appeal, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 30, 2015

NOS. 12-14-00205-CR

**CHARLES EDWARD LUSK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0127-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2015**

**NOS. 12-14-00206-CR**

**CHARLES EDWARD LUSK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0126-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 30, 2015

### NOS. 12-14-00207-CR

**CHARLES EDWARD LUSK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0128-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*